# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND SHANKS,<br><br>Petitioner,<br><br>v.<br><br>JEFF THOMAS, Warden,<br><br>Respondent. | 1:11-cv-01389 MJS HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. 11) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 4, 6.)

Petitioner claims entitlement to a credit against his federal sentence for time served in a state correctional facility. Presently before the court is Respondent's February 12, 2012, motion to dismiss and Petitioner's March 5, 2012 response.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The instant petition does not challenge petitioner's conviction or sentence. Rather, petitioner contends that the Bureau of Prisons ("BOP") is executing petitioner's sentence in a way that violates federal law because the BOP refuses to give petitioner credit for time served on state charges.

On June 25, 2004, Petitioner was arrested by the Robinson Police Department, in Robinson, Texas, and charged with Possession of a Controlled Substance, Possession of Precursor Chemicals Necessary to Manufacture Methamphetamine, and Failure to Identify. On August 12, 2004, Petitioner was released on bail. (Decl. of Patrick Liotti in Support of Mot. To Dismiss (Lotti Decl.) ¶ 3, ex. 1.)

On August 29, 2004, Petitioner was arrested by the Bruceville-Eddy Police Department, in Eddy, Texas, for Possession of a Controlled Substance (Id. ¶ 4, ex. 1.) On November 19, 2004, Petitioner was sentenced in the 54th Judicial District Court of McLennan County, Texas, to a term of 4 years. All other charges were dismissed. (Id.) On March 21, 2005, Petitioner was brought into U.S. Marshal's custody pursuant to a federal writ of habeas corpus ad prosequendum. (Id. ¶ 5, ex. 3.) On August 17, 2005, Petitioner was sentenced in the United States District Court for the Western District of Texas to a 120-month term of imprisonment for Conspiracy to Manufacture Methamphetamine, a Schedule II Narcotic Drug Controlled Substance in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). This sentence was ordered to run concurrent with Petitioner's state sentence. (Id. ¶ 5, ex. 4.)

On October 5, 2005, Petitioner was returned to the State of Texas. (Id. ¶ 7, ex. 3.) On May 19, 2006, Shanks was discharged from the Texas Department of Corrections,and the United States Marshal's Service assumed custody to continue service of the federal sentence. (Id. ¶ 7, ex. 5.) In accordance with federal law and policy, the BOP prepared a sentence computation for the Petitioner, and his 120-month federal sentence commenced on August 17, 2005. (Id. ¶ 8.) Since Petitioner was in state custody and received credit toward his state sentence, the amount of jail credit he could receive was limited. The BOP found Petitioner was eligible for jail credit from June 25, 2004, through August 12, 2004, and August 29, 2004, through November 18, 2004. However, he was not entitled to credit from November 19, 2004, until August 17, 2005. Based on this sentence computation, Petitioner is scheduled to be released from federal custody on August 14, 2014, via good conduct time. (Id. ¶ 8, ex. 6.)

/////

/////

## II. JURISDICTION

### A. Subject Matter Jurisdiction

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

Petitioner asserts that the Bureau of Prisons improperly calculated his prior custody credits. "Habeas corpus jurisdiction is available under 28 U.S.C. section 2241 for a prisoner's claims that he has been denied good time credits without due process of law." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973)). Accordingly, the Court concludes that it has subject matter jurisdiction over the petition.

### B. Jurisdiction Over the Person

Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the Petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. Id.; Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004). It is sufficient if the custodian is in the territorial jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. Ahrens v. Clark, 335 U.S. 188, 193, 68 S. Ct. 1443, 92 L. Ed. 1898 (1948); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990). A

failure to name and serve the custodian deprives the Court of personal jurisdiction. Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003).

Here, Petitioner was incarcerated at the United States Penitentiary, Atwater, at the time of filing. United States Penitentiary, Atwater is located within the Eastern District of California. Petitioner later notified the court of his transfer to United States Penitentiary, Lewisburg. Respondent, Jeff Thomas, as warden of United States Penitentiary, Lewisburg, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Accordingly, the Court concludes that it has personal jurisdiction over the custodian as Petitioner was confined in the district at the time of filing.

## III. ANALYSIS

### A. Petitioner's Claim

Petitioner seeks prior custody credit for time served in state custody prior to being transferred to the Federal Bureau of Prisons to commence his federal sentence. (Pet. at 6-8.) Specifically, Petitioner challenges the failure to credit the period in state custody from November 19, 2004 until August 17, 2005, the date upon which his federal sentence commenced. (Id.)

### B. Respondent's Motion to Dismiss and Response

Respondent argues that the petition should be denied on the ground that Petitioner's sentence was properly calculated and federal law prohibits the credit that petitioner seeks.

### C. Prior Custody Credit

The authority to compute a federal prisoner's sentence is delegated to the United States Attorney General, who exercises this authority through the U.S. Bureau of Prisons ("BOP"). United States v. Wilson, 503 U.S. 329, 334-35 (1992). "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." United States v. Smith, 812 F. Supp. 368, 370 (E.D. N.Y.1993). A federal sentence commences "on the date the defendant is received in custody . . . to commence service of

sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In this regard, the Ninth Circuit has recently joined other circuits in noting

> that courts have interpreted § 3585(a) to mean that a federal sentence cannot begin before the defendant has been sentenced in federal court. See United States v. Gonzalez, 192 F.3d 350, 355 (2d Cir.1999) (holding that a district court cannot "backdate" a federal sentence to the beginning of a state prison term on related state charges.); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.")

Schleining v. Thomas, 642 F.3d 1242, 1244 (9th Cir. 2011).

The statute governing credits and the calculation of a federal term of imprisonment provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> (1) as a result of the offense for which the sentence is imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). In enacting this provision, "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337. The BOP's guidelines for computation of sentences are set forth in Program Statement 5880.28, which expressly incorporates the provisions of 18 U.S.C. § 3585(b). See Program Statement 5880.28 at 1-14 ("18 U.S.C. § 3585(b) . . . is controlling for making time credit determinations for sentences imposed under the [Sentencing Reform Act]").

Here, Petitioner's federal sentence commenced on August 17, 2005, when Petitioner was released to the custody of federal authorities to begin serving his federal sentence. 18 U.S.C. § 3585(a). Petitioner received credit toward his state sentence for two periods of time while in state custody. First, Petitioner received credit to his federal sentence from June 25, 2004 until August 12, 2004, when he was released on bail. (Liotti Decl. ¶ 9.) Second, Petitioner was awarded credit from August 29, 2004, through November 18, 2004 under Willis v. United States, 438 F.2d 923 (5th Cir. 1971). (Liotti Decl. ¶ 9, ex. 7.)

Petitioner only challenges the failure to receive credit from November 19, 2004, until August 17, 2005. As set forth above, 18 U.S.C. § 3585(b) precludes granting double credit for time served in federal or state custody. Wilson, 503 U.S. at 337. Here, petitioner was credited time against his Texas state court sentence prior to the commencement of his federal sentence. (Liotti Decl. ¶ 10.) Because petitioner was given time credit against his state sentence, he cannot receive the same credit against his federal sentence. 18 U.S.C. § 3585(b) (petitioner shall be given credit so long as his sentence "has not been credited against another sentence.")

As discussed above, the state sentence was imposed before the federal sentence commenced. As such, the state's intent to award credits for the time spent in state custody prior to sentencing was known at the time Petitioner was sentenced in federal court, and the sentencing judge specifically indicated that Petitioner's federal sentence should run concurrent to his state sentence. Accordingly, the sentencing judge was aware of his state sentence, and knew that Petitioner would not be credited with the time spent in state custody credited towards his state sentence. Petitioner is not entitled to habeas relief.

## IV. CERTIFICATE OF APPEALABILITY

"The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a [certificate of appealability] in order to appeal the denial of a § 2241 petition." Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008). "Nor is there any other statutory basis for imposing a [certificate of appealability] requirement on legitimate § 2241 petitions. Although state prisoners proceeding under § 2241 must obtain a [certificate of appealability], see § 2253(c)(1)(A), there is no parallel requirement for federal prisoners." Id.

Accordingly, because Petitioner is a federal prisoner bringing a legitimate § 2241 petition, a certificate of appealability is not required.

## V. ORDER

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss is GRANTED;

2) The petition for writ of habeas corpus be DISMISSED; and

3) The Clerk of Court is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

Dated: July 22, 2012

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE